IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAN COFFMAN,                    §
TDCJ-CID NO. 788247,            §
                                §
            Petitioner,         §
v.                              §
                                §   CIVIL ACTION NO. H-12-3214
RICK THALER, Director,          §
Texas Department of Criminal    §
Justice, Correctional           §
Institutions Division,          §
                                §
            Respondent.         §

### MEMORANDUM OPINION AND ORDER

Dan Coffman, an inmate of the Texas Department of Criminal Justice- Correctional Institutions Division (TDCJ-CID), brings this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. This is the fourth such action brought by Coffman, who has been previously warned not to file successive habeas challenges. The petition will be dismissed because it is untimely and because it is barred as a successive petition. The court will also sanction Coffman for filing this petition in spite of a prior warning.

Coffman challenges a state felony conviction and thirty-five-year sentence for sexual assault of a child. State v. Coffman, No. 719,879 (179th Dist. Ct. Harris County, Tex., May 20, 1997). Coffman appealed the judgment, which was affirmed by the Court of Appeals for the First District of Texas. Coffman v. State, No. 01-97-00561-CR, 1998 WL 350121 (Tex. App. – Houston [1st Dist.]

June 25, 1998).  No petition for discretionary review was filed.
More than two years later Coffman filed a state application for a
writ of habeas corpus on December 11, 2000.  The application was
denied by the Texas Court of Criminal Appeals on June 27, 2001.
Ex parte Coffman, No. 49,199.  In his pending federal habeas peti-
tion Coffman contends that the victim was not a child; however, he
presents no evidence in support of this argument or any facts about
how or when he made this determination.

     Coffman previously challenged the sexual assault conviction in
a federal habeas petition that was filed under 28 U.S.C. § 2254 in
the United States District Court for the District of Columbia.  It
was subsequently transferred to the United States District Court
for the Southern District of Texas where it was dismissed as time
barred.  See Coffman v. Johnson, No. H-01-2137 (S.D. Tex. July 20,
2001).  Coffman submitted a similar federal habeas petition in the
United States District Court for the Southern District of Texas,
which was also dismissed as time-barred.  Coffman v. Johnson,
No. H-01-2519 (S.D. Tex. Dec. 21, 2001).

     In 2003 Coffman filed yet another petition for a writ of
habeas corpus challenging his state conviction for sexual assault.
Coffman v. Cockrell, No. H-03-1698 (S.D. Tex. June 18, 2003).  This
time the court dismissed the petition as untimely and successive.
The court also warned Coffman that further attempts to file
successive petitions may result in the imposition of court-ordered
sanctions.  Coffman has failed to heed the court's warning.

-2-

As was previously determined in the proceedings for H-01-2137 H-01-2519, and H-03-1698, Coffman waited more than one year after his conviction became final before seeking federal habeas relief. Consequently, the pending action is also barred as untimely under 28 U.S.C. § 2244(d)(1)(A).[1]  Because of the prior dismissals, Coffman must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition.  28 U.S.C. § 2244(b)(3).  There is no showing that the Fifth Circuit has granted permission to the petitioner.  Without such permission this action must be dismissed for lack of jurisdiction.  Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999); United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998). See also United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

Therefore, the court will order that this action be dismissed because it is time barred and because Coffman has failed to obtain permission from the Court of Appeals to proceed in this court.  28 U.S.C. § 2244(b), (d).

Before Coffman can appeal the dismissal of his petition, he must obtain a Certificate of Appealability (COA).  28 U.S.C. § 2253.  In order to obtain a COA Coffman must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel,

---

[1]The prior federal habeas challenges did not toll the limitations period. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001); Grooms v. Johnson, 208 F.3d 488 (5th Cir. 1999).

120 S.Ct. 1595, 1604 (2000).  A COA will be denied because this action is clearly barred, and Coffman has not made a substantial showing of the denial of a constitutional right.  See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

As noted above, Coffman has been warned to refrain from filing successive petitions.  He presents no viable argument that would support consideration of another habeas petition challenging a state court conviction that was made final more than fourteen years ago.  Courts are authorized to impose sanctions against inmates who persist in filing successive and vexatious habeas pleadings. Bryson v. United States, 553 F.3d 402 (5th Cir. 2008).  Alexander v. United States, 121 F.3d 312 (7th Cir. 1997).  Therefore, Coffman will be sanctioned, and the TDCJ-CID Inmate Trust Fund will be ordered to withdraw $100.00 from his account and forward the funds to the Clerk for the United States District Court for the Southern District of Texas.  Coffman is not authorized to make any other withdrawals from that account until the sanction has been met.

### Conclusion and Order

The court **ORDERS** the following:

1.  The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE.**

2.  A Certificate of Appealability is **DENIED.**

3.  The petitioner, Dan Coffman, TDCJ-CID No. 788247, is **ORDERED** to pay a **SANCTION** of $100.00 for his abuse of the court system.

-4-

4.   The TDCJ-CID Inmate Trust Fund shall **WITHDRAW**
     $100.00 from Coffman's account and forward to the
     Clerk of this court.

5.   The Clerk will provide a copy of this Memorandum
     Opinion and Order to the petitioner and to the
     TDCJ-CID Inmate Trust Fund, P.O. Box 60,
     Huntsville, Texas 77342-0060; and a copy of the
     petition and this Memorandum Opinion and Order to
     the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 7th day of November, 2012.

                            SIM LAKE
          UNITED STATES DISTRICT JUDGE